57 F.3d 1081
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Darrell PROWS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-4216.
 United States Court of Appeals, Tenth Circuit.
 June 15, 1995.
 
 Before TACHA, LOGAN and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 TACHA
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This appeal is from an order of the district court dismissing pro se petitioner's petition for a writ of habeas corpus brought pursuant to 28 U.S.C. 2241 on the grounds that the petitioner has failed to allege causes of action upon which the district court in Utah may grant relief and has failed to bring the action in the district court which retains jurisdiction over petitioner's conviction and/or sentence. Petitioner appeals on the ground that the district court erred in dismissing his petition under the circumstances of this case where he alleges that the district court in Florida is denying him his rights to due process of law because of a failure to act on his alleged illegal sentence. We affirm.
 
 
 3
 This pro se petitioner is incarcerated in the district of Utah. All of the deprivation of constitutional rights that he alleges in his pro se petition are related to a petition for writ of habeas corpus that he alleges has been filed in Florida and not acted upon by the district court in Florida. The allegations on appeal and those that were raised before the district court are conclusory and contain very little specificity about the nature of the conviction, sentence or litigation in the Florida courts. It is clear that the district court did not err in dismissing this petition for a writ of habeas corpus pursuant to section 2241 where the constitutional violations alleged relate to actions of another federal district court. The petition filed in the district court of Utah contains no claims upon which relief can be granted by the district court or this circuit.
 
 
 4
 Pro se petitioner's pleadings in this matter express frustration at the delay he alleges he is experiencing in the Florida courts. The district court very carefully and thoughtfully analyzed petitioner's allegations and suggests appropriately that petitioner should raise his questions with the Florida courts and make any appeals to the court that maintains jurisdiction over those courts. We concur.
 
 
 5
 We GRANT in forma pauperis status, GRANT the certificate of probable cause and AFFIRM the dismissal by the district court for substantially the reasons stated by the magistrate judge and adopted by the district court.
 
 
 6
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470